[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR CONTEMPT (DOCKET ENTRY 261)
One need only look at the number in the title of this document to realize that the parties are committed to mutual bothersome actions at every step of the way. Rather than figure out how to recognize that they are divorced and that there are important things in life to work on, CT Page 8612 these parties devote their time and effort to disliking each other and using the court system as the vehicle to pester each other.
The issues currently before the court are simply stated:
1. Is the defendant responsible for 65% of the unreimbursed dental expenses incurred for the minor child?
2. Is the defendant responsible for 65% of the medical insurance premiums incurred for the minor child?
The answers to the questions can be simply stated:
1. Yes.
2. No.
The questions and the answers both come from a clear and simple reading of the common sense language used by Driscoll, J. in crafting her very detailed judgment.
 I
This court cannot and does not find that the defendant's refusal to pay the dental expenses can constitute contempt. Let there be no doubt, the court does believe that this position was taken for poor reasons and with a motive of causing dispute for dispute's sake. However, this court can only exercise its contempt authority in circumstances where there is aCLEAR and UNAMBIGUOUS ORDER which was not obeyed.
In this matter, the court, Driscoll, J. did not spell out the dental obligation. Any clear reading of the court's intention leaves no doubt that the court was crafting a protective mechanism for ALL the health care needs of the child. Health care needs clearly encompass dental care.
The defendant is ordered to pay 65% of all unreimbursed dental/orthodontia expenses within 30 days of the entry of this decision.
 II
The plaintiff's reading of the health insurance provisions makes NO
sense.
Judge Driscoll meant for the existing medical insurance to be the CT Page 8613 source of the obligation for the defendant to contribute to the premiums. It would be sheer folly to believe that the basis of the obligation (the source and amount of the coverage) could be changed at will by the plaintiff.
What was to prevent her from stopping the available insurance and buying unnecessarily lavish coverages? Under plaintiff's purported interpretation of the court's decision, she would have an unfettered right to overspend. Given the behavior and court's assessment of thesePARTICULAR parties, the wisdom of our colleague, Driscoll, J. could never have permitted such insanity.
Despite plaintiff's assertion, "If the Defendant felt that there was a significant change of circumstances, in the increased insurance costs, when the Plaintiff left her employment, then it was presumably his obligation to file a Motion for Modification.", it was HER obligation to seek modification. The defendant is under no obligation to contribute to the insurance premium costs until such time as the plaintiff properly seeks and achieves some further court order on this issue.
BRENNAN, J.